**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**JODI F. HARDING,**
     **Plaintiff,**

**v.**                               **No:  3:07cv369/RV/MD**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**
     **Defendant.**

---

**REPORT AND RECOMMENDATION**

     **This case has been referred to the undersigned magistrate judge pursuant to the authority of 28 U.S.C. § 636(b) and Rules 72.1(A), 72.2(D) and 72.3 of the local rules of this court relating to review of administrative determinations under the Social Security Act and related statutes.  It is now before the court pursuant to 42 U.S.C. § 405(g) of the Social Security Act for review of a final determination of the Commissioner of Social Security (Commissioner) denying claimant Harding's application for disability insurance benefits and Supplemental Security Income benefits under Titles II and XVI of the Act.**

     **Upon review of the record before this court, it is the opinion of the undersigned that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.**

## PROCEDURAL HISTORY

Plaintiff filed applications for disability and SSI benefits which were denied initially and on reconsideration.   Plaintiff requested a hearing before an Administrative Law Judge and a hearing was held on March 28, 2007.  At the hearing plaintiff was represented by counsel and testified.  A vocational expert also testified. On April 17, 2007, the ALJ returned an unfavorable decision (tr. 14-23) and the Appeals Council declined review (tr. 7-9), making the decision of the ALJ the final decision of the Commissioner, and therefore subject to review in this court.  *Falge v. Apfel*, 150 F.3d 1320 (11th Cir. 1998).  This appeal followed.

## FINDINGS OF THE ALJ

Relative to the issues raised in this appeal, the ALJ found that plaintiff met the insured status requirements of the Act through June 30, 2003; that she had severe impairments of bipolar II disorder, anxiety disorder NOS, personality disorder NOS, rule out somatoform disorder NOS, lumbar degenerative disease, and chronic fatigue syndrome, but that she did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; that she had the residual functional capacity to perform light work with moderate restrictions in the ability to understand, remember and carry out detailed instructions, interact appropriately with supervisors, respond appropriately to work pressures in the usual work setting and respond appropriately to changes in a routine work setting; that she had mild restriction in daily livings, mild difficulty in maintaining social functioning, moderate deficiencies of concentration, persistence or pace and no episodes of decompensation of an extended duration; that she was unable to perform her past relevant work as a stage technician; that she was a younger individual with a high school education; that transferability of job skills was not material to the determination of disability; that there were jobs that existed in significant numbers in the national economy that

plaintiff could perform, including jobs involving the full range of light unskilled work; and that plaintiff was not disabled as defined in the Act.

## STANDARD OF REVIEW

The ALJ's decision will be reversed only if it is not supported by substantial evidence.  *Falge, supra.*  The court must determine whether the Commissioner's decision is supported by substantial evidence in the record and whether it is premised upon correct legal principles.  *Chester v. Bowen,* 792 F.2d 129, 131 (11th Cir. 1986).  "A determination that is supported by substantial evidence may be meaningless . . . if it is coupled with or derived from faulty legal principles."  *Boyd v. Heckler,* 704 F.2d 1207, 1209 (11th Cir. 1983).  In determining whether substantial evidence exists, the court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision.  *Tieniber v. Heckler,* 720 F.2d 1251, 1253 (11th Cir. 1983).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir. 1983)(citations omitted). Findings of fact by the Commissioner that are supported by substantial evidence are conclusive.  42 U.S.C. § 405(g); *Miles v. Chater,* 84 F.3d 1397, 1400 (11th Cir. 1996).

A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A). To qualify as a disability the physical or mental impairment must be so severe that the claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2)(A).

Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in

**five steps.   A finding of disability or no disability at any step renders further evaluation unnecessary.   The steps are:**

1.    **Is the individual currently engaged in substantial gainful activity?**

2.    **Does the individual have any severe impairment?**

3.    **Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?**

4.    **Does the individual have any impairments which prevent past relevant work?**

5.    **Do the individual's impairments prevent any other work?**

**The claimant bears the burden of establishing a severe impairment that keeps her from performing her past work.   If the claimant establishes such an impairment, the burden shifts to the Commissioner at step 5 to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform.   *Chester v. Bowen*, supra, 792 F.2d at 131; *MacGregor v. Bowen*, 786 F.2d 1050, 1052 (11th Cir. 1986).   If the Commissioner carries this burden, claimant must prove that she cannot perform the work suggested by the Commissioner.   *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987).**

**PLAINTIFF'S MEDICAL HISTORY**

**At the time of the hearing, Plaintiff was forty-eight (48) years old, had a high school education, and had done past relevant work as a stage technician (tr. 22). The medical evidence establishes, and the ALJ found, that plaintiff suffers from severe impairments of bipolar II disorder, anxiety disorder NOS, personality disorder, rule out somatoform disorder NOS, lumbar degenerative disc disease, and chronic fatigue syndrome. (T. 16).**

**The only issues raised in this appeal concern plaintiff's mental condition, so**

her physical problems will not be discussed.  Fadel A. Salib, M.D. was plaintiff's treating psychiatrist, and saw her during the period from November 2004 through December 2006.  The ALJ's found from his review of Dr. Salib's records that plaintiff generally improved with medication, that she complained of no particular side effects from her medications, and that in the summer and fall of 2006 when she was not taking her medication her mental status examination was unchanged.  Dr. Salib commented that plaintiff was somewhat depressed and relatively stable, although she had some "unfounded" paranoia (tr. 385-87).

On January 12, 2006, Dr. Salib filled out forms in which he opined that plaintiff had "marked" restrictions in her ability to maintain social functioning; "frequent" or "marked" deficiencies of concentration, persistence or pace resulting in "frequent" failure to complete tasks in a timely manner; and "marked" episodes of deterioration or decompensation in a work or work-like setting which caused her to withdraw from that situation or to experience exacerbation of signs and symptoms.  Dr. Salib opined that this level of severity had existed since 2001.  He further opined that the side-effects of plaintiff's medications included tiredness and difficulty concentrating. He also stated that plaintiff had been unable to engage in full-time continuous employment as of June 30, 2003 based on her medical records and within a reasonable degree of medical probability.  He concluded that plaintiff was disabled from full-time continuous employment, and that her disabling conditions were expected to last twelve months or longer (tr. 364-371).

## DISCUSSION

The plaintiff argues that the ALJ erred in failing to give proper weight to Dr. Salib's opinion and in improperly considering the opinion of a vocational expert, and that plaintiff was disabled from her onset date as a matter of law.  The Commissioner argues that the ALJ's findings were supported by substantial evidence and must, therefore, be sustained.  The issue thus presented is whether the ALJ's decision that

the plaintiff was not disabled, in light of her mental condition, age, education, work experience, and residual functional capacity, is supported by substantial evidence in the record.

     1.     <u>Opinion of treating physician.</u>

Plaintiff first contends that the ALJ improperly discounted the opinion of her treating physician, Dr. Salib.  Absent good cause, the opinion of a claimant's treating physician must be accorded considerable or substantial weight by the Commissioner.  *Phillips v. Barnhart*, 357 F.3d 1232, 1240-1241 (11th Cir. 2004); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Broughton v. Heckler*, 776 F.2d 960, 960-961 (11th Cir. 1985); *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986).  "Good cause" exists when:  (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.  *Phillips,* 357 F.3d at 1241; see also *Lewis*, 125 F.3d at 1440 (citing cases).

If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the record, the ALJ must give it controlling weight.  20 C.F.R. § 404.1527(d)(2).  Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimants impairments.  See *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Schnor v. Bowen,* 816 F.2d 578, 582 (11th Cir. 1987).  When a treating physician's opinion does not warrant *controlling* weight, the ALJ must nevertheless weigh the medical opinion based on 1) the length of the treatment relationship and the frequency of examination; 2) the nature and extent of the treatment relationship; 3) medical evidence supporting the opinion; consistency with the record as a whole; 5) specialization in the medical issues at issue; and 6) other factors which tend to support or contradict the opinion.  20 C.F.R. 404.1527(d).

The opinion of a non-examining physician is entitled to little weight, and, if contrary to the opinion of a treating physician, is not good cause for disregarding the opinion of the treating physician, whose opinion generally carries greater weight. *See* 20 CFR § 404.1527(d)(1);  *Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985); *Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984);  *Hurley v. Barnhart*, 385 F.Supp.2d 1245, 1255 (M.D.Fla. 2005).   However, a brief and conclusory statement that is not supported by medical findings, even if made by a treating physician, is not persuasive evidence of disability.  *Johns v. Bowen*, 821 F.2d 551, 555 (11th Cir. 1987); *Warncke v. Harris*, 619 F.2d 412, 417 (5th Cir. 1980).

"When electing to disregard the opinion of a treating physician, the ALJ must clearly articulate its reasons." *Phillips*, 352 F.3d at 1241.    Failure to do so is reversible error.  *Lewis*, 125 F.3d at 1440 (citing *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986));[1] *see also Nyberg v. Commissioner of Social Security*, 179 Fed.Appx. 589, 591 (11th Cir. 2006) (Table, text in WESTLAW)(also citing *MacGregor*). Here plaintiff says that the ALJ did not clearly articulate his reasons.   The court disagrees.   In his decision the ALJ found as follows:

> The undersigned rejects Dr. Salib's opinion that the claimant's condition meets or equals Listing 12.02 because the record contains no history and physical examination or laboratory tests demonstrating the presence of a specific organic factor judged to be etiologically related to the abnormal mental state and loss of previously acquired functional abilities.  The undersigned rejects Dr. Salib's opinion that the claimant's condition meets or equals Listing 12.04 because the record does not establish medically documented persistence of at least four enumerated manifestations of depressive syndrome; at least three enumerated manifestations of manic syndrome, or a history of episodic periods manifested by the full symptomatic picture of both manic and depressive syndromes.  Moreover, the undersigned rejects Dr. Salib's

[1]*MacGregor* further held that "Where the [Commissioner] has ignored or failed properly to refute a treating physician's testimony, we hold as a matter of law that he has accepted it as true." 786 F.2d at 1053.

*Case No: 3:07cv369/RV/MD*

**opinion that the claimant's conditions satisfies the Part B criteria of the Listings in section 12.00 because observations and mental status findings contained in his treatment records are not consistent with the conclusory findings of "marked" limitation reported in Exhibit 20F (See 14F, 23F).**

Tr. 19.   Contrary to plaintiff's argument, this was a clear articulation of the ALJ's reasons for rejecting Dr. Salib's opinion.  The reasons stated were supported by substantial record evidence, and plaintiff is not entitled to reversal on this ground.

       **2.**      **<u>Vocational expert testimony.</u>**

     Plaintiff also contends that the ALJ erred in not following SSR 00-4p, which generally requires the ALJ to identify and obtain an explanation for any conflicts between the vocational expert's testimony and the Dictionary of Occupational Titles (DOT) concerning evidence on job duties and qualifications.  The vocational expert testified that plaintiff may have some difficulties in performing some skilled and semi-skilled work, but the difficulties were not identified (tr. 446-448).  While it is true that the ALJ did not address any such conflicts, plaintiff has not shown that there are any.  She notes that there are "difficulties [that] would likely conflict with the DOT[,]" but she does not describe them to the court.  Whatever difficulties plaintiff may have had in performing semi-skilled work, the vocational expert expressed no reservations about plaintiff's ability to do unskilled work which existed in significant numbers in the economy (tr. 447).  Since unskilled jobs exist for both light and sedentary work, both of which the ALJ found that plaintiff could perform, any difficulties plaintiff might have with semi-skilled work are irrelevant.  Plaintiff is not entitled to reversal on this ground.

     Accordingly, it is respectfully RECOMMENDED that the decision of the Commissioner be AFFIRMED, that this action be DISMISSED and that the clerk be directed to close the file.

     At Pensacola, Florida this 13th day of June, 2008.

*Case No: 3:07cv369/RV/MD*

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).**